First Nat. Bank *v.* American Trust, etc., Co.—83 Ind. App. 512.

the chance of furnishing materials to a vendee of real estate who held the same under an executory contract. Affirmed.

---

FIRST NATIONAL BANK OF MT. VERNON *v.* AMERICAN TRUST AND SAVINGS BANK ET AL.

[No. 12,314.    Filed June 4, 1925.    Rehearing denied October 15, 1925.]

APPEAL.—*Error in conclusions of law must be assigned as error to present any question thereon.*—Error in the conclusions of law stated on a special finding of facts can only be presented for review by assigning it as error on appeal.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Suit by the American Trust and Savings Bank against the First National Bank of Mt. Vernon and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.* By the court in banc.

*W. D. Robinson, William E. Stilwell* and *William Espenscheid,* for appellant.

*George F. Zimmerman, Roscoe U. Barker, L. C. Embree, James T. Walker, Henry B. Walker* and *Walter M. Wheeler,* for appellees.

ENLOE, J.—Appellee American Trust and Savings Bank, as plaintiff, filed its complaint to foreclose a mortgage on certain real estate. The individual appellees herein, the makers of the notes involved and who also had executed the mortgage sought to be foreclosed, were made defendants, as was also the appellant herein as being the holder of certain judgment liens on a portion of said lands covered by said mortgage, which liens were junior to and inferior to the said mortgage lien. The issues being settled, the cause was submitted to the court for trial, with a request that the court make a special finding of the facts and state its conclusions of

law thereon. This was done and resulted in the stating of conclusions of law at variance with appellant's contention. There was a motion for a new trial, which being overruled, this appeal followed. The only error assigned is the action of the court in overruling said motion.

The appellant, in its brief, has stated its contention herein as follows: "The appellant contends that by finding of Fact No. 14, the cross-complainants, Fred E. Nolte, et al., are estopped from setting up their suretyship on the notes and that since such cross-complainants Fred E. Nolte, et al., were estopped from setting up their suretyship * * *, that therefore the Court's conclusion of law No. 2, is wrong in that the trial court holds that said cross-complainants were 'entitled to a decree in this cause requiring the lands owned solely by the defendant, Mary A. B. Nolte, as herein above found, shall be sold and exhausted before any of the lands of either or any of the cross-complainants shall be offered for sale under decree in this cause.' And further that the trial court's conclusion of law No. 3 is wrong in this that 'cross-complainants are not estopped from setting up suretyship,' and further that the decree of the trial court is wrong in directing that the lands of Mary A. B. Nolte be sold first before those of the cross-complainants."

The entire contention of the appellant centers upon the conclusions of law stated by the trial court. Error in conclusions of law is not assigned as a cause for reversal herein, and the questions, therefore, which appellant seeks to present do not arise upon this record. No question is presented, and the judgment must therefore be, and is, affirmed.